IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 7:18-28-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Jabrail Adrian Wofford, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 and 18 U.S.C. § 3582(c)(1)(B), and his motion to reduce pursuant to § 3582(c)(1)(A) ("compassionate release motion").

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons [("BOP")], the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. The Fair Sentencing Act of 2010 reduced the sentencing disparity between cocaine base and powder cocaine offenses. Pub. L. No. 111-220, 124 Stat. 2372. The First Step Act made the Fair Sentencing Act retroactive. See Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

After review, the Defendant's motion pursuant to § 3582(c)(1)(B) is denied. The First Step Act does not apply to Defendant because his convictions in this case are not covered offenses under the First Step Act.

With respect to Defendant's compassionate release motion, the Government alleges that Defendant has failed to exhaust administrative remedies before filing his motion. However, a court must first consider whether the defendant filing a compassionate release motion has exhausted his administrative rights under the statute, when, as is the case here, the government invokes that exhaustion requirement. United States v. Muhammad, 16 F.4th 126, 130-31 (4th Cir. 2021). A defendant can meet the exhaustion requirement in two ways. Id. at 130. The defendant must first make a request to the BOP or his warden to bring a compassionate release motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). If the request is denied or remains unaddressed, the defendant must either (1) fully exhaust his administrative rights to appeal the BOP's denial of his request, or (2) wait 30 days from the date of the initial request to file a motion in district court. Id.

Defendant alleges that he submitted his request to the Warden on April 10, 2023. (Compassionate Release Mot. Ex. 1 (Statement of Service), ECF No. 82-1.) However, the Government states that as of May 26, 2023, the BOP had no record of Defendant filing a request for compassionate release. In reply, Defendant argues that he is not required to exhaust. (Reply 2, ECF No. 91.) Defendant has failed to come forward with any evidence of correspondence with the Warden. Based on the foregoing, the court finds that Defendant has failed to meet the exhaustion requirement, and his motion for compassionate release will be dismissed without prejudice.

It is therefore

**ORDERED** that Defendant's motion to reduce under the First Step Act, document number 80, is denied. It is further

**ORDERED** that Defendant's motion for compassionate release, document number 82, is denied without prejudice.

**IT IS SO ORDERED.**

> s/Henry M. Herlong, Jr.
> Senior United States District Judge

July 13, 2023
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.