IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 7:18-28-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Jabrail Adrian Wofford, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Jabrail Adrian Wofford's ("Wofford") motion to reconsider the court's July 13, 2023, order denying his motion to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, and denying without prejudice his motion for compassionate release. (Order, ECF No. 92.) The court has reviewed the motion for reconsideration and finds that it does not alter the court's previous decision.

In the instant motion, Wofford complains that the court failed to address all of his claims for relief. As addressed in the court's order, Wofford is not entitled to relief under § 404 of the First Step Act because his offense of conviction is not a "covered offense." Moreover, Wofford is not eligible for relief under § 401 because he was sentenced before the enactment of the First Step Act. Section 401 "changed what qualifies as a predicate offense triggering a recidivist enhancement under 21 U.S.C. § 841(b)(1)(A)." United States v. Day, 474 F. Supp. 3d 790, 795 (E.D. Va. 2020). Now, only a "serious drug felony" or "serious violent felony" qualifies as a predicate offense. First Step Act, § 401(a), 132 Stat. at 5220. Wofford submits that the 21 U.S.C. § 851 information filed by the Government in this case was "invalid and unlawful" under

§ 401 because his prior 2015 drug conviction does not qualify as a "serious drug felony."[1] (Mot. Reconsideration 2, ECF No. 94.)

The changes made by § 401 "apply only to cases where the offense was committed prior to the enactment of the First Step Act, but a sentence had not yet been imposed as of the date of the First Step Act." United States v. Belle, No. CR 3:06-748-JFA, 2021 WL 4820665, at *3 (D.S.C. Oct. 15, 2021) (unpublished); First Step Act, § 401(c), 132 Stat. at 5221 (providing that the amendments made by § 401 "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment")  Thus, this section was not made retroactive.

Wofford was sentenced on June 13, 2018, to 120 months' imprisonment for one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841, and 60 months' consecutive imprisonment for one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c), for a total sentence of 180 months' imprisonment.  The judgment was entered on June 19, 2018.  (J., ECF No. 51.)  Subsequently, on January 12, 2022, Wofford's sentence was reduced to 120 months' imprisonment pursuant to the court's grant of the Government's Rule 35(b) motion under Rule 35 of the Federal Rules of Criminal Procedure.  An amended judgment was entered on January 19, 2022.  (Am. J., ECF No. 68.)

---

[1] The term "serious drug felony" is defined as an offense described in 18 U.S.C. § 924(e)(2) for which "(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense."  18 U.S.C. § 802(57).

Wofford contends that § 401 of the First Step Act applies to him because he was resentenced and an amended judgment was entered after the December 21, 2018, enactment of the First Step Act. This argument is without merit.

A Rule 35(b) motion can only benefit a defendant by reducing a sentence which has already become final and is not a "'do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" United States v. Taylor, 414 F.3d 528, 537 (4th Cir. 2005) (quoting United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000)). A Rule 35(b) sentence modification is wholly distinct from vacating a sentence, which nullifies a previous judgment. See United States v. Bethea, 841 F. App'x 544, 550 (4th Cir. Jan. 21, 2021) (unpublished) (finding that "the district court's vacatur and reentry of judgment nullified [defendant's] original sentence such that a sentence cannot legally be said to have been imposed until" reentry of judgment). The Fourth Circuit has held that an appeal from a district court's decision on a Rule 35(b) motion is an appeal from an otherwise final sentence and is governed by 18 U.S.C. § 3742. United States v. Davis, 679 F.3d 190, 193 (4th Cir. 2012). Wofford therefore "may not make use of Section 401's amendments to § 841(b)(1)(A) . . . to disturb an otherwise valid sentence under the earlier version of the statute." Bethea, 841 F. App'x at 552; 18 U.S.C. § 3742. Accordingly, because Wofford's sentence was imposed prior to the enactment of the First Step Act, he is ineligible for relief under § 401.

Further, with respect to the motion for compassionate release, as the court stated in its previous order, Wofford has failed to exhaust his administrative remedies before filing his motion. The court denied the compassionate release motion without prejudice. Thus, upon

3

exhaustion, Wofford may file a compassionate release motion raising his arguments for compassionate release, including his argument based on the § 851 information.

For all the reasons set forth above, Wofford's motion for reconsideration, docket number 94, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

August 16, 2023
Greenville, South Carolina