IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 7:18-28-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Jabrail Adrian Wofford, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) ("compassionate release motion").

On March 27, 2018, Defendant pled guilty pursuant to a plea agreement to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 2), and possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3). (Guilty Plea, ECF No. 35.) Defendant was sentenced to 180 months' imprisonment on June 13, 2018, consisting of 120 months on Count 2 and a consecutive term of 60 months on Count 3. (J., ECF No. 51.) On January 19, 2022, based on a motion by the Government, the court reduced Defendant's sentence to 120 months' imprisonment, consisting of 60 months on Count 2 and a consecutive term of 60 months on Count 3. (Am. J., ECF No. 68.) Defendant appealed this sentence, and on May 22, 2023, the Fourth Circuit Court of Appeals affirmed. United States v. Wofford, No. 22-4044, 2023 WL 3581708 (4th Cir. May. 22, 2023) (unpublished). Defendant's current release date is January 12, 2026.

On May 22, 2023, Defendant filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. (Mot. for

1

Sentence Reduction, ECF No. 80.)  On June 5, 2023, Defendant filed a compassionate release motion pursuant to § 3582(c)(1)(A).  (Mot. Compassionate Release, ECF No. 82.)

On July 13, 2023, the court denied the motion for sentence reduction because Defendant's convictions are not "covered offenses" under § 404 of the First Step Act.  (Jul. 13, 2023, Order, ECF No. 92.)  The court also denied Defendant's compassionate release motion without prejudice because Defendant had failed to exhaust administrative remedies prior to filing his motion.  (Id., ECF No. 92.)  Defendant later filed a motion for reconsideration, arguing that he was entitled to relief under § 401 of the First Step Act, which the court denied on August 16, 2023.  (Aug. 16, 2023, Order, ECF No. 95.)

On September 15, 2023, Defendant filed the instant compassionate release motion.  He argues that he is no longer a career offender because the prior conviction identified in the Government's 21 U.S.C. § 851 information[1] and used to enhance his sentence on Count 2 does not qualify as a "serious drug felony."[2]  (Mot. Compassionate Release 10-11, ECF No. 98.)  The Government concedes that Defendant has exhausted his administrative remedies.  Therefore, the court turns to the merits of Defendant's compassionate release motion.

---

[1] Section 851(a)(1) provides in pertinent part that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."  21 U.S.C. § 851(a)(1).

[2] Based on the § 851 information that was filed in this case, the statutory penalties were increased from imprisonment of at least 5 years but no more than 40 years to at least 10 years but no more than life, the maximum fine increased from $1,000,000 to $4,000,000, and at least 5 years of supervised release was increased to at least 8 years, pursuant to Title 21 U.S.C. § 841(b)(1)(B).

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. § 3582(c)(1)(A).

The Fourth Circuit has held that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'"  United States v. McCoy, 981 F.3d 271, 284, 286 (4th Cir. 2020) (emphasis in original) (quoting United States v. Brooker, 976 F.3d 228, 230 (2d Cir. 2020) (holding that "the district courts permissibly treated as 'extraordinary and compelling reasons' for compassionate release the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act").

Defendant submits that extraordinary and compelling reasons warrant reducing his sentence because if he were sentenced today, he would receive a shorter sentence because he no longer qualifies as a career offender.  Defendant bases this argument on the fact that his 2015 conviction for distribution of crack cocaine in violation of S.C. Code Ann. § 44-53-375(B) does not qualify as "serious drug felony" under § 401 of the First Step Act.  (Mot. Compassionate Release 10-11, ECF No. 98.)  In turn, Defendant submits that if sentenced today, his sentence would not be subject to enhancement based on the § 851 information filed by the Government.

3

Section 401 of the First Step Act "changed what qualifies as a predicate offense triggering a recidivist enhancement under 21 U.S.C. § 841(b)(1)(A)." United States v. Day, 474 F. Supp. 3d 790, 795 (E.D. Va. 2020).  Now, only a "serious drug felony" or "serious violent felony" qualifies as a predicate offense.  First Step Act, § 401(a), 132 Stat. at 5220.  The term "serious drug felony" is defined as an offense described in 18 U.S.C. § 924(e)(2) for which "(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense."  18 U.S.C. § 802(57).

The Government concedes that if Defendant were sentenced today, his 2015 conviction for distribution of crack cocaine would not qualify as a "serious drug felony" because he did not serve a term of imprisonment of more than 12 months for that offense.  (Am. Resp. 6, ECF No. 106.)  Thus, if sentenced today, Defendant would not be subject to increased statutory penalties pursuant to §§ 841 and 851.  However, the application of the increased statutory penalties is a distinct issue from whether Defendant qualifies as a career offender under the United States Sentencing Guidelines (the "Guidelines").

Defendant's argument that he is not a career offender because his prior South Carolina state conviction for distribution of crack cocaine no longer qualifies as a "controlled substance offense" under the Guidelines is without merit.  (Mot. Compassionate Release 10-11, ECF No. 98); (PSR ¶ 34.)  Defendant's prior South Carolina conviction for distribution of crack cocaine in violation of S.C. Code Ann. § 44-53-375(B) remains a "controlled substance offense" for purposes of the career offender enhancement.  United States v. Davis, 75 F.4th 428, 445 (4th Cir. 2023).

In his Presentence Investigation Report ("PSR"), Defendant was classified as a career offender. (PSR ¶ 51.) With a total offense level of 34 (utilizing the increased statutory penalties based on the § 851 information) and a criminal history category of VI, the PSR yielded an effective Guidelines range of 322 to 387 months' imprisonment (262 to 327 months for Count 2 plus 60 months for Count 3). (Id. ¶ 74.) The court imposed a variance sentence of 180 months' imprisonment. Defendant thus received the benefit of a sentence significantly below the Guidelines range. Further, based on the Government's motion, Defendant's sentence was reduced in January 2022 to 120 months' imprisonment.

If the Defendant were sentenced today, while the increased statutory penalties would not apply, he remains a career offender under the Guidelines. His total offense level would be 31, which when combined with his criminal history category of VI, would result in a Guidelines range of 188 to 235 months on Count 2, plus 60 months consecutive on Count 3. Pursuant to U.S.S.G. § 4B1.1(c)(2), Defendant's applicable Guidelines range is the greater of (1) the Guidelines range that results by adding the mandatory minimum consecutive penalty required by 924(c) for Count 3 to the minimum and maximum of the Guidelines range determined for Count 2 (248 to 295 months), and (2) the Guidelines range in the Career Offender Table in § 4B1.1(c)(3) (262 to 327 months). Thus, if resentenced today, Defendant's applicable Guidelines range would be 262 to 327 months' imprisonment because it is the range with "the highest minimum term of imprisonment." See § 4B1.1 Application Note 3(E).

"[T]he Fourth Circuit has recognized that 'gross' or 'exceptionally dramatic' sentencing disparities between a sentence under the prior law and the current law can constitute 'extraordinary and compelling reasons,' to warrant a reduction in a sentence as imposed." United States v. Vailes, No. 3:07-CR-00162-FDW, 2023 WL 4375490, at *2 (W.D.N.C. July 6,

5

2023) (unpublished) (citing McCoy, 981 F.3d at 274-75). There is no gross sentencing disparity in this case. Notably, the low end of the applicable Guidelines range remains drastically higher than the sentence imposed by the court at Defendant's initial sentencing June 13, 2018, and the subsequent January 12, 2022, sentencing. Moreover, the fact that Defendant would be subject to a lower Guidelines range if sentenced today – 262 to 327 months as opposed to 322 to 387 months – does not present an extraordinary and compelling reason to warrant a reduction. See e.g., United States v. Johnson, No. 2:08-CR-00930-DCN-7, 2023 WL 24129, at *4 (D.S.C. Jan. 3, 2023) (unpublished) ("[D]istrict courts have determined that an inmate failed to present extraordinary and compelling reasons for compassionate release even though he would have been subjected to a lower advisory guideline range if sentenced today."); United States v. Hallman, 3:12-cr-97-MOC, 2022 WL 4477710, at *3 (W.D.N.C. Sept. 26, 2022) (unpublished) (holding that even though the defendant no longer qualified as a career offender, the disparity between his original range of 360 months to life and the current range of 161 and 180 months did not amount to an extraordinary and compelling reason because his criminal history "would likely have warranted an upward variance"); United States v. Massey, 3:13-cr-224-MOC-DCK-1, 2021 WL 4233886, at *4 (W.D.N.C. Sept. 16, 2021) (unpublished) (finding that although Hobbs Act robbery was no longer categorized as a crime of violence, the disparity between the defendant's original range of 110 and 137 months and the current range of 70 and 87 months was not so drastic that compassionate release was warranted).

Finally, the court is aware that a forthcoming amendment to the Guidelines, effective November 1, 2023, provides that nonretroactive changes in sentencing law may constitute extraordinary and compelling circumstances under § 3582(c)(1)(A):

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment

> to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254, 28,255 (May 3, 2023) (to be codified at U.S.S.G. § 1B1.13(6)). However, even if § 1B1.13(b) were effective at this time, Defendant would not be entitled to a sentence reduction. First, Defendant's 120-month sentence, which is less than half of the low end of his current Guidelines range, does not constitute "an unusually long sentence." Second, Defendant has not yet served at least ten years' imprisonment. United States v. Clark, No. 1:22-cr-00374-KWR-1, 2023 WL 6847539, at *3 (D.N.M. Oct. 17, 2023) (unpublished) ("Defendant has not served at least ten years imprisonment and likely will not do so given his guidelines range sentence of eighty-seven months. Therefore, even if this amendment were in effect, § 1B1.13(b)(6) does not apply here."); United States v. Broadnax, 15 Cr. 878 (VM), 2023 WL 6533489, at *2 (S.D.N.Y. Oct. 6, 2023) (unpublished) ("Broadnax has not yet served at least 10 years of his term of imprisonment. Thus, he has not satisfied the threshold requirements necessary for the Court to consider whether a change in law presents an extraordinary and compelling reason to consider whether a sentence reduction is warranted.").

Based on the foregoing, there are no extraordinary or exceptional circumstances in this case.

Further, even if Defendant had presented evidence of extraordinary and compelling reasons to reduce his sentence, the court has considered the factors under 18 U.S.C. § 3553(a)[3]

---

[3] The § 3553(a) factors include:

and finds that the nature and circumstances of Defendant's offenses, his history and characteristics, and the need for his sentence to reflect the seriousness of his offenses and to promote respect for the law do not support a reduction from the current 120-month sentence.

Defendant has a significant criminal history beginning at the age of 18 years old. Defendant was 27 years old at the time of the instant offenses and qualified as a career offender based on his prior convictions for distribution of crack cocaine and trafficking marijuana. (PSR

---

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for–
 (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
  (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
  (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .
(5) any pertinent policy statement–
 (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
 (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

¶¶ 24, 34.) These prior drug convictions did not deter Defendant from returning to distributing drugs. (Id. ¶ 7-17.) A search of Defendant's residence revealed "two firearms, 1055 doses of Ecstasy, 1282 Alprazolam pills, 961 Hydrocodone pills, 58 Klonopin pills, digital scales, plastic baggies, a small quantity of marijuana and $2,020 . . . in an envelope and an additional $120 on [Defendant's] person." (Id. ¶ 9.) Moreover, in committing the instant offenses, Defendant usually carried a firearm on his person when engaging in drug activity. (Id. ¶¶ 11-12.)

The court recognizes that Defendant has not incurred any disciplinary actions and has undertaken educational and work opportunities during his incarceration. However, the court considered these factors in fashioning a reduced sentence based on the Government's motion in January 2022. (Jan. 12, 2022, Tr. 5-8, ECF No. 77.) As set forth above, Defendant's criminal history and characteristics and the need for his sentence to reflect the seriousness of the instant offenses do not support a further reduction in his sentence. Having considered the § 3553(a) factors, the court finds that the existing 120-month sentence in this case promotes respect for the law, deters crime, protects the public, and is "sufficient, but not greater than necessary," to achieve the statutory goals of sentencing.

Based on the foregoing and the record in this case, the court denies Defendant's compassionate release motion.

It is therefore

**ORDERED** that Defendant's compassionate release motion, docket number 98, is denied.

**IT IS SO ORDERED**.

                                                   s/Henry M. Herlong, Jr.
                                                   Senior United States District Judge

Greenville, South Carolina
October 27, 2023

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.